## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARSHALL SPIEGEL, <br> on behalf of himself and a class, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN M. BROWN, individually and <br> doing business as <br> JOHN BROWN INSURANCE <br> AGENCY INCORPORATED, <br> a dissolved corporation; <br> JOHN BROWN INSURANCE <br> AGENCY INCORPORATED, <br> BRIAN K. KERRIGAN, <br> doing business as KERRIGAN <br> TAX AND FINANCIAL PLANNING <br> AND DOES 1-10. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff Marshall Spiegel brings this action to secure redress for the actions of

defendants (1) John M. Brown, (2) John Brown Insurance Agency Incorporated and (3) Brian K.

Kerrigan, doing business as   Kerrigan Tax and Financial Planning, in making or causing the

making of robocall telemarketing calls to persons on the "do not call" list, in violation of the

Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

## JURISDICTION AND VENUE

*2.*      This Court has jurisdiction under 28 U.S.C. §1331.   *Mims v. Arrow Financial*

*Services, LLC*, 132 S. Ct. 740, 751-53 (2012);   *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d

1

446   (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

     (1)      Have committed tortious acts in Illinois by causing the transmission

         of unlawful communications into the state.

     (2)       Do business in Illinois.

4.      Venue in this District is proper for the same reasons.

## PARTIES

5.      Plaintiff Marshall Spiegel is an individual who resides in the Northern District of Illinois.

6.      Defendant John Brown Insurance Agency Incorporated was an Illinois corporation until it was dissolved effective May 10, 2013.   It was engaged in the business of selling insurance. Its sole officer and registered agent and office is John M. Brown, 1920 North Clark Street, #7A, Chicago, IL 60614.

7.      After the dissolution, John M. Brown continued engaging in business.   He is therefore named individually.

8.      Defendant Brian K. Kerrigan, doing business as Kerrigan Tax and Financial Planning, conducts business at 1601 Cooper Point Road, NW, Olympia, Washington 98502.

9.      Brian K. Kerrigan "partnered" with John M. Brown Insurance Agency for the purpose of writing insurance business.   (Exhibit A).

10.      Defendants Does 1-10 are other natural or artificial persons that were involved in the making of the calls.   Plaintiff does not know who they are.

## FACTS

11.      Plaintiff is on the national "do not call" list.

12.     On October 21, 2013, plaintiff received telemarketing calls on his home telephone from 253 736-5602 (Exhibit B).

13.     On November 11, 2013, plaintiff received telemarketing calls on his home telephone from 312 878-2411.

14.     Both numbers are used by defendants.

15.     The calls were placed using an automatic dialer and a recorded or artificial voice.

16.     On information and belief plaintiff may have received other calls from defendants.

17.     Under Federal Communications Commission regulations implementing the Telephone Consumer Protection Act, 47 U.S.C.  §227, telemarketing robocalls are prohibited unless the consumer has given express written consent.   The consumer must be clearly and conspicuously informed that the consequences of consenting is that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller.   It must relate to a designated telephone number.    The caller has the burden of proving consent.   The regulations are published at 47 C.F.R. Part 64, [CG Docket No. 02-278; FCC 12-21], 77 FR 34233 (June 11, 2012), and took effect on October 16, 2013.

18.     Defendants derived economic benefit from the placement of the calls.

19.     Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in making or arranging for the calls.

## VIOLATIONS ALLEGED

20.     A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.   47 U.S.C. §227(c)(5) provides:

**(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--**

> **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or**

> **(C) both such actions.**

**It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

21. A private right of action for telemarketing robocalls to a residence provided by 47 U.S.C. §227(b)(3), which provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)   an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> > **(B)   an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> > **(C)   both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more**

**than 3 times the amount available under the subparagraph (B) of this paragraph.**

22.     Plaintiff and each class member is entitled to statutory damages.

23.     Defendants violated the TCPA even if their actions were only negligent.

24.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25.     Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiff brings suit on behalf of two classes.

26.     Class 1 consists of (a) all persons (b) whose phone numbers are listed on the national do not call list (c)   who have received, at any time during the last four years, (d) two or more telephone calls within any 12-month period (e) by or on behalf of any of the defendants (f) with respect to whom defendants cannot provide a writing in which the person expressly consented to such calls.

27.     Class 2 consists of (a) all persons (b) who have received, at any time during the last four years, (c) an automatically dialed telephone call (d) by or on behalf of any of the defendants (e) with respect to whom defendants cannot provide a writing in which the person expressly consented to such calls

28.     On information and belief, defendants have made or arranged for similar calls to at least 40 other persons.

29.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common questions include:

    a.    Whether defendants engaged in a pattern of placing calls to persons on the

          national do not call list;

    b.    Whether automated equipment was used to make telemarketing calls by

          defendants;

    c.    The manner in which defendants compiled or obtained their list of numbers;

    d.    Whether defendants thereby violated the TCPA;

30.    Plaintiff will fairly and adequately protect the interests of the class.   Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business

practices.   Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to

vigorously pursue this action.

31.    Plaintiff's claims are typical of the claims of the class members.   All are based on the

same factual and legal theories.

32.    A class action is the superior method for the fair and efficient adjudication of this

controversy.   The interest of class members in individually controlling the prosecution of separate

claims against defendants is small because it is not economically feasible to bring individual actions.

33.    Several courts have certified class actions under the TCPA. Telephone call

And text message cases include:   *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th

Cir.   2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013);

*Mitchem v Illinois Collection Serv*.,   271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital*

*Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion,

2011 WL 211013, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S.

Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS

(MDD), 2012 WL 1932283, 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).    Fax cases

6

include:    *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620

(N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7ᵗʰ Cir. 2013); *Sadowski v. Med1*

*Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27,

2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,   259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign*

*Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle*

*Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12,

2010);   *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v.*

*Rooflifters, LLC*, 08 C 3276,   2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.);

*G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS

17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007);

*Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1ₛₜ Cir. 2007);

*Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1ₛₜ Cir.

2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v.*

*United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);   *Core Funding*

*Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto*

*Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306

S.W.3d 577 (Mo. App. 2010).

      34.     Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

     WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the

class and against defendants for:

        a.     Actual damages;

        b.     Statutory damages;

      c.      An injunction against further violations;

      d.      Costs of suit;

      e.      Such other or further relief as the Court deems just and proper.


                      s/Daniel A. Edelman
                      Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois   60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois   60603
(312) 739-4200
(312) 419-0379 (FAX)

9